USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/5/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA

- against -

GEORGE ESPINAL,

         Defendant.

------------------------------------------------------X

**ORDER**

91 CR 310-02 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Defendant George Espinal, proceeding pro se, filed a Motion for Relief From Judgment, Order, or Proceeding, Pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion"), dated August 1, 2009. In his Rule 60(b) Motion, Espinal argues that the Judgment entered on October 28, 1994,[1] denying his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, "was procured by fraud upon the court."[2] However, on October 30, 2004, Espinal

---

[1] The Court's ECF records indicate that the Order from then District Judge Pierre N. Leval, denying defendant's motion to vacate under 28 U.S.C. § 2255, was docketed on October 31, 1994, in case number 94 Civ. 3552 (PNL). That same day, Judge Leval's Order was also docketed in the underlying criminal case, 91 CR 310, which was subsequently transferred to my docket. *See* Document # 164.

[2] In an attempt to attack the integrity of the habeas proceeding rather than his underlying conviction, Espinal argues that there was fraud upon the Court because: (1) the Judgment was entered without an evidentiary hearing, and (2) the Government provided information that was prejudicial to Espinal resulting in a procedural defect in the collateral review process. The first reason is without

submitted a motion for relief from that Judgment under Rule 60(b), which this Court denied in a Memorandum Opinion and Order. *See Espinal v. United States*, No. 91 CR 310, 2006 WL 163179 (S.D.N.Y. Jan. 23, 2006). Accordingly, on grounds of res judicata/issue preclusion, I denied Espinal's renewed request in a memo endorsement to his Rule 60(b) motion.

The remaining issue is whether to grant a certificate of appealability (COA).[3] For a COA to issue, the petitioner must make a "substantial showing of the denial of a constitutional right."[4] A substantial showing does not require the petitioner to demonstrate that he would prevail on the merits but merely "'that reasonable jurists could debate whether . . . the petition should have been resolved

---

merit because motions to vacate under 28 U.S.C. § 2255 are often denied without the need for an evidentiary hearing. *See* Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts. As for the second reason, Espinal does not identify precisely what information was provided by the Government, nor does he explain how such information prejudiced him. Without any further detail, Espinal's second reason is also lacking in merit. In any event, a Rule 60(b) motion based on a claim of fraud must be raised within one year of the challenged decision, which has long since passed in this case. Thus, defendant's Rule 60(b) Motion can be denied on independent substantive and procedural grounds.

[3] *Cf. Kellogg v. Strack*, 269 F.3d 100, 102 (2d Cir. 2001) ("We thus expressly hold that the COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition.").

[4] 28 U.S.C. § 2253(c)(2).

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'"[5] Espinal has made no such showing here. Accordingly, I decline to grant a certificate of appealability. The Clerk of the Court is directed to transmit this Order to the Second Circuit forthwith. The Clerk of the Court is further directed to close the Rule 60(b) Motion in case number 94 Civ. 3552 (PNL).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         January 5, 2010

---

[5]   *Middleton v. Attorneys General of States of N.Y., PA*, 396 F.3d 207, 209 (2d Cir. 2005) (per curiam) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted, ellipsis in original)).

## - Appearances -

**Defendant (Pro Se):**

George Espinal
# 29798-054
BSCC Airpark Unit
3700 Wright Avenue
Big Spring, TX 79720

**For the Government:**

Preet Bharara
United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2200